UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

TASHARA JOSEPH TYLER                    CIVIL ACTION  NO. 09-CV-00030

VERSUS                                  JUDGE DOHERTY

NEMA INC. ET AL                         MAGISTRATE JUDGE HANNA

### *Memorandum Ruling*

Before the undersigned, on referral from the district judge is Plaintiff's

Motion for Sanctions, Attorney Fees and Costs for Defendant's Failure to Appear

at her Deposition [Rec. Doc. 76] that was noticed in Fairburn, Georgia for

November 1, 2012. The motion is opposed by the defendant and her insurer.  The

parties presented oral argument on the motion on January 22, 2013.  At the close

of the arguments, the motion was taken under advisement.  The parties were

instructed to schedule the deposition of Defendant Brenda Scott to take place in

Lafayette, Louisiana, and an Order was issued compelling her attendance. [Rec.

Doc. 83]  Pursuant to the court's directive, Defendant Scott appeared and gave

deposition testimony at the office of her attorney on February 4, 2013.  The

undersigned now addresses the remaining issues presented by the motion taken

under advisement.

*Factual and Procedural Background:*

This litigation arises from an intersectional collision in December, 2007, in Opelousas, Louisiana.  The collision involved a vehicle operated by the plaintiff Tashara Tyler and a vehicle operated by the defendant Brenda Scott.  The plaintiff's vehicle was insured by Safeway Insurance Company of Louisiana.  The defendant's vehicle was owned by Ryder Truck Rental, Inc., leased to NEMA, Inc., and used by Brenda Scott in the course of her employment with NEMA.

Suit was originally filed in Louisiana state court in the 27th Judicial District Court, St. Landry Parish by Tashara Joseph Tyler, who alleged she was injured in the accident by the negligence of Brenda Scott which caused the accident.  She also made claims for property damage to her vehicle which was a total loss from the collision.  The matter was later removed to this court based on diversity jurisdiction. [Rec. Doc. 1] Counter and Cross claims were asserted by the parties against one another for property damages to the vehicles.  Brenda Scott was served with the lawsuit and the counter and cross claims against her.  She filed answers in which she asserted that the sole cause of the accident at issue was the negligence and/or fault of Plaintiff Tashara Joseph Tyler. [Rec. Doc. 36]

On September 6, 2012, Plaintiff acted to set the deposition of the adverse driver Brenda Scott for November 1, 2012 in Fairburn, Georgia, Scott's

hometown.  Notice of the deposition and the deposition subpoena for Scott was sent to all counsel, including Scott's attorney of record.  Scott was also personally served with the Notice of Deposition and Deposition Subpoena, effected by a process server engaged by the plaintiff.  After multiple unsuccessful attempts to serve Scott, personal service was accomplished on October 24, 2012.  Scott attempted to refuse service, dropping the documents to the ground.[1]  A copy of the subpoena was taped to Scott's apartment door. [Rec. Doc. 76-1, with attached exhibits]

On November 1, 2012, Plaintiff's counsel and Scott's attorney appeared for the deposition as noticed.  Another attorney participated by telephone from Louisiana.   Brenda Scott did not appear.  A proces-verbal was taken, and Scott's attorney declared on the record that since the deposition was noticed, he had tried to contact Scott.  He heard back from her on the morning of the deposition by text message saying that she was not served. [Rec. Doc. 76-6, p. 8]  On December 13, 2012, Brenda Scott contacted her attorney and advised that she was amenable to having her deposition rescheduled. [Rec. Doc. 81, p. 2]

On December 14, 2012, Plaintiff filed the instant Motion for Sanctions and

---

[1]In the course of her recent deposition, Scott confirmed her encounter with the process server and her knowledge of the scheduling of her deposition.

Costs for Scott's failure to appear at her deposition. [Rec. Doc. 76] On December 28, 2012, Plaintiff's insurer Safeway Insurance Company of Louisiana joined in the motion to request sanctions under Rule 37 of the Federal Rules of Civil Procedure. [Rec. Doc. 80] On January 4, 2013, a memorandum was filed in opposition to the plaintiff's motion by/for Brenda Scott, NEMA, and Ryder Truck Rental. [Rec. Doc. 81]

Scott's attorney, appointed to represent her,  asserts that Scott is no longer employed with NEMA, and neither NEMA nor Ryder have a relationship with or influence over Scott.  He urges that the remedies sought by Plaintiff are not only harsh as to Scott, but they negatively impact NEMA and Ryder.  Scott argues through her attorney that the sanctions sought by Plaintiff are harsh and premature, since she denies that she was properly served with the deposition notice for the November deposition, and the "imposition of a date certain for Scott to provide her deposition, prior to the imposition of any such sanctions, would be reasonable, justified and better serve the interests of the remaining defendants." [Rec. Doc. 81, p. 4]

### *Applicable Law and Analysis:*

Federal Rule of Civil Procedure 37(d)(1)(A) provides that the court where an action is pending may, on motion, order sanctions if a party fails, "after being

-4-

served with proper notice, to appear for that person's deposition." Fed.R.Civ.P. 37(d)(1)(A)(I).  Rule 37(d)(3) describes the types of sanctions a court may impose in such case, including any of the orders listed at 37(b)(2)(A)(i-vi).  And, "instead of or in addition to these sanctions, the court **must** require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Rule 37(d)(3). (emphasis added)

Defendants do not dispute that service was made upon the represented Brenda Scott[2] through her attorney Mr. Penney, in accordance with the requirement of Fed.R.Civ.P. 5(b)(1).  In addition, Plaintiff hired a local process server to personally serve Scott with the deposition notice in this case.  There was an in-person encounter between Scott and the process server, and there is no dispute (and Scott has acknowledged in deposition testimony) that the deposition notice was taped to the door of Scott's apartment.  There is likewise no dispute that Scott knew of the deposition before the appointed date/time, having communicated with her attorney.

---

[2]Attorney Jay Penney was representing Scott as of June 4, 2009, when he filed pleadings on her behalf.  Rec. Doc. 28, 36]

The plaintiff and Safeway seek dismissal of all claims by Scott against them per Rule 37(b)(2)(A)(v), striking Scott's counter/cross claims per Rule 37(b)(2)(A)(iii).  They also seek to have Scott prohibited from testifying at trial, limiting evidence by NEMA/Ryder to establish fault on Plaintiff and prohibiting NEMA/Ryder from relying on any of the defenses or counter/cross claims asserted by/for Scott.  Alternatively, they call for the appearance of Scott in Lafayette on a date/time certain, set by the court, for her deposition.  They also seek to recover all expenses and attorney fees incurred as a resulted of the failed deposition.

Under Rule 37(d), a party refusing to attend his own deposition can be sanctioned under Rule 37(b). Among the sanctions available to a district court under Rule 37(b) is dismissal of the action with prejudice.  Fifth Circuit precedent has addressed a number of considerations. First, dismissal is authorized only when the failure to comply with the court's order is due to willfulness, bad faith, or any fault of the petitioner. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 640 (1976); *see also Batson v. Neal Spelce Assocs.*, 765 F.2d 511, 514 (5th Cir.1985). Dismissal is inappropriate when a failure to comply results from an inability to comply, such as where requested information is not yet available or no longer exists. *See Marshall v. Segona*, 621 F.2d 763, 768 (5th Cir.1980); *Dorsey v. Academy Moving & Storage, Inc*., 423 F.2d 858, 860 (5th

Cir.1970). Next, dismissal is proper only in situations where the deterrent value of Rule 37 cannot be achieved by the use of less drastic sanctions. *See Batson*, 765 F.2d at 514. The court also consider whether the other party's preparation for trial was substantially prejudiced. *See id.* Finally, dismissal may be inappropriate when neglect is attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders. *See id.; Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir.1978).  The Fifth Circuit has noted that a district judge should use the draconian remedy of dismissal with prejudice only in extreme circumstances. *See Griffin v. Aluminum Co. of America*, 564 F.2d 1171, 1172 (5th Cir.1977); *Roy v. ADM Grow Mark*  2000 WL 329273, 3( 5th Cir. 2000). "Deliberate, repeated refusals to comply with discovery orders have been held to justify the use of this ultimate sanction." *Bonaventure v. Butler*, 593 F.2d 625, 626 (5th Cir.1979) (dismissal affirmed where plaintiff three times refused to appear for a deposition); *see also Jones v. Louisiana State Bar Ass'n*, 602 F.2d 94 (5th Cir.1979) (dismissal where plaintiff deliberately refused two orders to produce recordings and documents he possessed); *Emerick v. Fenick Industries, Inc.*, 539 F.2d 1379 (5th Cir.1976) (default entered were defendant ignored three orders to produce documents).  *See also Pegues v. PGW Auto Glass, L.L.C.*  451 Fed.Appx. 417,

418, 2011 WL 5903455, 1 (5th Cir. 2011).

The parties have acknowledged the harshness of the dismissal sanction, each allowing for alternate remedies. Plaintiff makes the alternative prayer that Scott be ordered to appear in Lafayette for her deposition on a date/time certain, with failure to appear to result in the harsher sanctions.  Defendants make a similar suggestion.  In a telephone conference among the parties on February 5, 2013, the undersigned has confirmed that Brenda Scott appeared for her deposition as rescheduled, responding to questions from all attorneys.  At that time, Ms. Scott was also served with a trial subpoena for the April 8, 2013 trial date.  Based on this record, the undersigned determines that the plaintiff has not been prejudiced in developing her case and preparing for trial by Scott's earlier failure to appear for her deposition, and the strict sanctions allowed in the court's discretion under Rule 37(b) will not be imposed in this case.

Rule 37 includes the mandatory provision that the court require "the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Rule 37(d)(3). [Emphasis added]

Defendant Scott has not provided any reasonable justification for her failure

-8-

to appear for her deposition.  The plaintiff has provided proof, by proces-verbal, that the deposition was called and Scott failed to appear, though her attorney was present.  The attorney noted on the proces-verbal record that he had heard from Scott who claimed she had not been served with the deposition notice.  In the rescheduled deposition, Scott admitted she knew of the November, 2012 deposition event, and she admitted service of the deposition notice upon her, though she did not consider that she had been 'served.'

In this case, the expenses incurred by Plaintiff for the unsuccessful deposition attempt included out-of-state travel (flight, car, lodging).  The total claimed and itemized by the plaintiff is $1,846.08.  Per the mandatory provision of Rule 37(d)(3), these costs/expenses will be cast against Defendant Brenda Scott.  The undersigned finds that Scott's attorney Jay Penney was not complicit in his client's actions/inactions, and therefore the sanction of costs/expenses in the amount of $1,846.08 is imposed against Brenda Scott, individually.

Plaintiff's counsel also seeks to recover $250/hour for the hours spent in travel and waiting for Scott's appearance at her deposition-for a total of $2,750.00. However, there is no affidavit or any other evidence to support the claimed attorney's fees.  Absent any such evidence, this Court cannot award the claimed attorney's fees. Therefore, this claim will be denied.

*Conclusion*

The defendant Brenda Scott's failure to appear for her deposition on November 1, 2012 is sanctionable under Rule 37.  On that basis, the defendant Scott will be ordered to pay the reasonable costs associated with plaintiff's counsel's travel to/from and attendance at her deposition as scheduled.  The Court finds that amount to be adequately documented in the record at $1,846.08.  A separate Order will be issued to this effect.


Signed at Lafayette, Louisiana on February 5, 2013.


_____
Patrick J. Hanna
UNITED STATES MAGISTRATE JUDGE